No. 70,467

In the Matter of JEFFREY F. SPEARS, *Respondent.*

(869 P.2d 718)

Opinion filed March 4, 1994.

*Martha M. Snyder,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, and *Stanton A. Hazlett,* deputy disciplinary administrator, were with her on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam:* This original proceeding in discipline was filed by the office of the Disciplinary Administrator against Jeffrey F. Spears, of Overland Park, an attorney admitted to the practice of law in the State of Kansas. The formal complaint filed against respondent contained three counts alleging violations of Model Rules of Professional Conduct (MRPC) 1.1 (1993 Kan. Ct. R. Annot. 258); 1.3 (1993 Kan. Ct. R. Annot. 263); 1.4 (1993 Kan. Ct. R. Annot. 267); 1.16 (1993 Kan. Ct. R. Annot. 304); and 8.4 (1993 Kan. Ct. R. Annot. 347); and Supreme Court Rule 207 (1993 Kan. Ct. R. Annot. 170). Respondent did not file an answer.

A hearing before a panel of the Kansas Board for Discipline of Attorneys was held on September 1, 1993. Respondent was notified of the hearing but did not appear in person or by counsel.

The panel found the following facts were established by clear and convincing evidence:

## COUNT I

"2. On June 19, 1989, Dorothy Redden was injured in an accident, and on May 24, 1990, she entered into a fee agreement with the Respondent. [Citation omitted.]

"3. In July and August of 1990, the Respondent wrote to obtain Ms. Redden's medical records. After January of 1991, the Respondent did nothing further on the case despite the fact that Ms. Redden monthly delivered her medical bills to the Respondent's law office, either to Respondent's secretary or personally to Respondent. On these visits, the Respondent repeatedly told Ms. Redden that there was plenty of time in which to file an action based upon Ms. Redden's accident.

"4. No contact with the other party's insurance company was ever initiated by the Respondent. Ms. Redden was told by her insurance agent in October of 1991 that the statute of limitations had lapsed and that she was out of time to file an action against the other party involved in the injury accident.

"5. Ms. Redden called the Respondent in October of 1991, and he told her that she had waited too long to contact his office and that it was her fault that the Statute of Limitations had expired. Immediately subsequent to that telephone conversation, the Respondent wrote the letter shown as Exhibit C, characterized by Ms. Redden in her testimony as an 'about face' letter in which Respondent acknowledged that he had allowed the statute of limitations to expire.

"6. Ms. Redden employed Clifford Cohen to represent her in a malpractice action against the Respondent. Respondent initially defaulted on the answer to the case, subsequently filed a motion for leave to file his answer out of time, and ultimately filed his answer on November 6, 1992.

"7. Ms. Redden was granted her motion for summary judgment and Respondent did not appear at the hearing. Respondent subsequently moved to set aside the summary judgment but before rehearing stipulated as to judgment, which was entered June 28, 1993."

## COUNT II

"9. Kathy Metcalf Holt is the complainant in Case No. B5557. In 1987 Respondent represented her in obtaining a divorce.

"10. On June 1, 1992, Respondent received a notice of hearing to reduce child support but did not mail a copy of the notice to Ms. Holt or notify her of his receipt of the notice. In a telephone call to Respondent's office on June 16, Ms. Holt first learned of the hearing set for June 25.

"11. Respondent asked for a retainer of $160, which Ms. Holt personally delivered to his office on June 17 [citation omitted]. At that time Respondent told Ms. Holt that he needed to do discovery which he subsequently failed to undertake.

"12. The attorney for Ms. Holt's former husband obtained a continuance and rescheduled the hearing date to August 6; Respondent failed to send notice of the rescheduled hearing to Ms. Holt, and she therefore was unaware of and did not attend the hearing.

"13. Respondent attended the hearing which resulted in an award of reduced child support. Respondent did not notify Ms. Holt of the reduction in child support, and Ms. Holt first learned of the reduction in child support when she received a reduced check for child support.

"14. Upon receipt of the check for the reduced child support, Ms. Holt called Respondent who initially did not recognize who she was and requested her to 'refresh' his memory about the case.

"15. During this telephone call Respondent accused Ms. Holt of being a 'disgruntled' client who did not get her way. He then advised her that he would obtain certain information from Ms. Holt's former husband's attorney and mail it to her and then hung up on her.

"16. Ms. Holt to date has received nothing from Respondent and on September 23, 1992, went to the courthouse and obtained a copy of pertinent information from the court files.

"17. Ms. Holt has subsequently hired another attorney, gone back to court with a new attorney, and obtained increased child support.

"18. Respondent has neither returned nor offered to return the $160 retainer to Ms. Holt."

## COUNT III

"19. The complainant in this case is Gay Marie Brown-Francisco. On June 14, 1991, she entered into a fee agreement with Respondent [citation omitted] wherein Respondent was to institute a divorce petition on Ms. Brown-Francisco's behalf.

"20. On June 14, 1991, Ms. Brown-Francisco paid her check for $200 to Respondent together with a check for filing fees in the amount of $97; subsequently, in September of 1991 she paid the remaining balance of the retainer of $195 to Respondent.

"21. As of June 14, 1991, as well as many months before that date Ms. Brown-Francisco was, and to this date remains, a resident of the State of Missouri.

"22. In February of 1992 Ms. Brown-Francisco called Respondent to inquire why her husband had not been served with the divorce petition. At that time Respondent told her that her check for filing fees was stale and the court would not accept it, and he requested a new check.

. . . .

"24. On September 1, 1992, Respondent told Ms. Brown-Francisco for the first time that he could not file the divorce in Missouri.

"25. In September of 1992 Respondent admitted that he had not yet filed the divorce petition. Respondent notified Ms. Brown-Francisco that he would send her retainer back to her less the amount of his fees for the work he had done. Ms. Brown-Francisco asked for her files to be returned along with the check, but to date she has not received either a check or any papers or files from Respondent.

"26. Throughout this period of time, on several occasions Ms. Brown-Francisco and various family members went to Respondent's office to inquire as to the status of the matter. Respondent repeatedly replied, 'these things take time.'

"27. At some point Respondent advised Ms. Brown-Francisco that she was not entitled to the refund of the fees she had paid to him, likening the situation to a situation where the patient went to the hospital and died, but would still owe fees for services rendered."

The panel concluded that respondent violated MRPC 1.1, 1.3, 1.4(a) and (b), 1.16(d), 3.3(a)(1) (1993 Kan. Ct. R. Annot. 314), and 8.4(d) and (g), and Supreme Court Rule 207(a) and (b). The

panel found numerous aggravating factors and no mitigating factors. The panel recommended disbarment, stating:

"The panel finds that the Respondent has repeatedly neglected client affairs to the extreme detriment of his clients, has failed to keep his clients advised, has failed to make any restitution, has exhibited no remorse but rather refused to recognize his wrongful conduct, and has generally engaged in a pattern of misconduct and neglect. Respondent also failed to disclose to a District Court Judge that he was on inactive status at a time when he was actively practicing law under that Judge's supervision. Considering the multiple offenses and the pattern of misconduct and neglect that resulted and the Respondent's substantial experience in the practice of law, taking into consideration the *Standards For Imposing Lawyer Sanctions* as developed by the American Bar Association Center for Professional Responsibility, and the opinions of the Kansas Supreme Court in *State v. Scott*, 230 Kan. 564 [, 639 P.2d 1131] (1982), and *State v. Martin*, 231 Kan. 481 [, 646 P.2d 459] (1982), the panel recommends that pursuant to Supreme Court Rule 203(a)(1) [1993 Kan. Ct. R. Annot. 162], that the Respondent be disciplined by disbarment."

Respondent did not file exceptions to the report of the hearing panel. He failed to appear before this court in person or by counsel. This court, having considered the record herein, concurs with and adopts the panel's findings, conclusions, and recommendations.

IT IS THEREFORE ORDERED that Jeffrey F. Spears be and he is hereby disbarred from the practice of law in Kansas, and his license to practice law is hereby revoked.

IT IS FURTHER ORDERED that the clerk of the appellate courts strike the name of Jeffrey F. Spears from the roll of attorneys licensed to practice law in the State of Kansas and that respondent shall comply with the provisions of Supreme Court Rule 218 (1993 Kan. Ct. R. Annot. 187) and pay the costs of this proceeding, and that this order be published in the official Kansas Reports.